ISABEL SCHIFTER, Plaintiff, v. COMMERCIAL TRAVELERS MUTUAL
ACCIDENT ASSOCIATION OF AMERICA, Defendant.

Supreme Court, Special Term, Queens County, September 11, 1944.

*Joseph Kopelman* for plaintiff.

*Moses, Nehrbas & Tyler* for defendant.

COLDEN, J. Motion by the plaintiff for summary judgment as prayed for in the complaint upon the ground that there is no defense to the action.

The defendant, in opposition, does not indicate the existence of triable issues of fact and contends that its answer was interposed in good faith and not for delay and that the plaintiff's motion should be denied and summary judgment granted, dismissing the complaint. The sole issue to be determined by the court, therefore, is one of law.

The defendant is a membership corporation, doing business under article IX-B of the Insurance Law. On or about February 18, 1942, the plaintiff's son, Samuel Schifter, became a member of the defendant association and a certificate of mem-

bership was issued to him dated that day, in which his mother, the plaintiff herein, was named beneficiary. It provides, among other things, for the payment of five thousand dollars (accident occurring prior to age 70), if the assured lost his life " resulting directly and independently of disease, bodily infirmity or any other cause from bodily injuries effected solely and exclusively by external, violent and accidental means." Under the heading of " Additional provisions ", the certificate provides, among other things, as follows:

" 5. The insurance under this contract does not cover:
\* \* \*

" (2) Any loss when the accident causing it occurs:

" (a) while the member is outside the continental limits of the United States and Canada (unless a travel permit or a permit to reside elsewhere is first granted in writing by the Association), or

" (b) while he is engaged in military or naval service in time of war (declared or undeclared), insurrection or riot, or

" (c) \* \* \*

" (d) while he is making or taking an aerial flight of any kind except as a passenger holding a ticket or pass in a licensed commercial aircraft provided by an incorporated common carrier legally and actually operated by a licensed transport pilot upon a regular route pursuant to a published schedule to transport passengers from one airport to other airports on said route.

" (3) Any loss when the accident causing it occurs while the member is acting or serving temporarily or otherwise as a pilot, mechanic, steward or radio operator of, in or upon an aircraft of any kind."

Annexed to the certificate, however, and referred to as Exhibit " A " is the following indorsement, dated April 1, 1941:
" \* \* \* MEMBERSHIP COVERS MILITARY TRAINING \* \* \*

" In line with The Commercial Travelers policy of cooperating in every possible way with a member who enters the Military or Naval Service in defense of his Country, your Association will continue in full the protection described in his Certificate, *regardless of those provisions which except from payment any claims arising where he has changed to a hazardous occupation or has entered the armed forces of the Nation in time of war, so long as:*

" 1. — He remains within the continental limits of the United States and Canada.

" 2. — No actual warfare and fighting takes place within such continental limits."

At the time the foregoing certificate was issued, the assured was twenty years of age and employed in private industry. He entered the military service of the United States on January 3, 1943, and was assigned to the 307th Army Air Forces Flying Training Detachment of the Air Corps in Texas. He died in military service on November 15, 1943, in or near the city of Rhome, Texas, as a result of bodily injuries effected solely and exclusively by external, violent and accidental means which he received on that day, when the plane in which he was taking an aerial training flight crashed in the course of his military training.

The material allegations of the complaint have been admitted, but the defendant contends that the accident causing the loss occurred while the assured was making or taking an aerial flight in an army airplane in the course of military training, and not as a passenger in a licensed commercial craft. The judgment to be made, therefore, turns upon the construction to be given to the certificate above referred to as modified by the indorsement, both of which form the entire contract, and the primary question is whether or not the said policy and indorsement covers the accidental death in question.

The defendant concedes in its brief that the indorsement is binding upon it; that the assured's entry for training is not to be deemed a change of occupation and accidents occurring while he was in training would not be excluded because of such training; and that the contract of insurance remained in force even though he entered any branch of military service. It argues that there is nothing in the indorsement which widens the protection of the original certificate beyond its terms, except on the point specifically mentioned which did not cancel the exclusion of aviation mishaps except by passengers in commercial travel. Whereas under the original certificate, members of the association were not covered while engaged in military or naval service in time of war, the indorsement continued their coverage even though they entered the armed service in any branch so long as they did not go abroad and there was no actual warfare within the continental limits of the United States and Canada. The defendant contends that to sustain a judgment for plaintiff it would have to be held that the coverage included all airplane accidents and that a holding cannot be justified under the language used.

The defendant in its brief says: " This, therefore, is the question presented to the court: Has the defendant agreed with its members that all airplane accidents will be covered by the

contract if a member enters the armed forces?" The question asked suggests its own answer, and that is that all members o.' the armed forces who were insured under this form of contract were covered by the rider of April 1, 1941. Then, as now, our armed forces were air-minded. Our Government was developing a program of air warfare so vast as to dwarf the efforts heretofore made by America or any other country. It was and is common knowledge that pilots, air crewmen and ground crewmen for land-based planes and carrier-borne planes, were being trained by the hundreds of thousands. Aviators, bombardiers, navigators, gunners, radiomen, engineers, crewmen, air-borne infantrymen, paratroopers, service of supply airmen, medical corps airmen, signal corps airmen, intelligence unit airmen, aerial photographers, and aerial meteorologists constitute some of the branches of service in which the youth of America was and is in training. The tremendous air program of America has thoroughly aroused our people, all of whom were definitely and militantly air-minded when the defendant, on April 1, 1941, issued its rider entitled "MEMBERSHIP COVERS MILITARY TRAINING". The defendant must be deemed to have known that those of its insured who entered the armed services would no longer be free to choose their occupations or to order their daily lives. From day to day not one of them could know but on the morrow he would be ordered into an airplane for some purpose in connection with his military training. Surely those insured could not decline to obey the commands of their officers on the ground that obedience to such commands might deprive such servicemen of their benefits under the policies issued by the defendant. Nor is it conceivable that the defendant issued the rider in question with the knowledge that the insured serviceman would, as a result thereof, be paying premiums on policies which were in fact worthless if the insured were injured or killed in an airplane accident, notwithstanding the heading of the rider "MEMBERSHIP COVERS MILITARY TRAINING", or the encouraging language which follows: "In line with The Commerical Travelers policy of cooperating in every possible way with a member who enters the Military or Naval service in defense of his Country, your Association will continue in full the protection described in his Certificate, *regardless of those provisions which except from payment any claims arising where he has * * * entered the armed forces of the Nation in time of war,* so long as: 1. — He remains within the continental limits of the United States and Canada" and "2. — No actual warfare and fighting takes place within such continental

limits.'' Surely there is nothing ambiguous about those statements. There was no obligation on the part of the defendant to issue the rider, but having done so in language of its own choosing it cannot read into it something which is not there and that is exclusion from any branch of the armed services which involved air training.

The defendant urges that the construction which the plaintiff places upon the contract leads to the result that the exclusion was canceled for aviators but not for sailors or infantrymen In this the defendant is in error. Not only aviators but sailors, infantrymen or any other members of the armed services who are injured or killed in an airplane accident while they are performing part of their military training are covered by the contract. The motion of the plaintiff must be granted, with interest and costs, and that of the defendant denied.

While they are not necessary to, or involved in, the determination of these applications, the rider issued by the defendant on October 1, 1940, prior to the issuance of the rider of April 1, 1941, and the rider issued by the defendant on March 11, 1942, nearly a year subsequent to the rider on the policy of the insured, are persuasive that the interpretation which the court has placed upon the contract in suit is correct. The rider of October 1, 1940, is substantially the same as the rider on the policy in suit, except that it bears one additional and important exception, and that is '' 3. — He does not participate in aviation.'' The rider of March 11, 1942, is substantially the same as the rider on the policy in suit with two important exceptions, '' (2) that no actual warfare and fighting take place within these continental limits, *this to be determined for the Association's purpose by its Directors,* and (3) that the Association's liability in case of an aviation mishap continue to be restricted to commercial air travel as described in the policy.''

Settle order on notice.