LOU ANNA BROWN v. ARTHUR W. BROWN

No. 7415DC58

(Filed 1 May 1974)

Divorce and Alimony § 21; Judgments § 51— foreign judgment — army
 retirement pay — division of community property — enforcement

> Although plaintiff's complaint stated no claim for relief under G.S. 50-16.9(c) to modify a Texas judgment in a divorce action granting plaintiff one-half of defendant's army retirement pay since Texas, a community property state, does not award permanent alimony and the division of the retirement pay was not an award of alimony but was a division of community property, the complaint did state a claim for relief for enforcement of the Texas judgment, and the trial court erred in the allowance of defendant's motion to dismiss the complaint for failure to state a claim for relief.

APPEAL by plaintiff from *Horton, District Judge,* at the 23 July 1973 Session of ALAMANCE District Court.

Heard in the Court of Appeals 19 February 1974.

This is a civil action instituted pursuant to G.S. 50-16.9 (c) to enforce or modify a Texas judgment granting to plaintiff an absolute divorce and, among other relief, one-half of all defendant's retirement pay from the United States Army to be based upon any and all retirement benefits to which he would be en-

titled if he retired on or before 1 April 1973. The Texas judgment was entered 22 December 1972. Defendant received an honorable discharge from the Army 31 January 1973. Both parties subsequently moved to North Carolina. On 27 April 1973, plaintiff was notified by the Army that retirement pay was immune from civil process and that retirement checks would be sent only to the "retired member." Plaintiff then instituted this action. Defendant answered and moved under G.S. 1A-1, Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief could be granted on the grounds that Texas, a community property state, did not permit awards of permanent alimony and that this action was not properly instituted under G.S. 50-16.9(c). The trial court granted defendant's motion and plaintiff appealed.

*W. R. Dalton, Jr., for plaintiff appellant.*

*Long, Ridge & Long by James E. Long for defendant appellee.*

CAMPBELL, Judge.

The North Carolina Supreme Court laid down the rule to be followed in ruling on motions under Rule 12(b)(6) in *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970) where the Court stated:

"Under the 'notice theory of pleading' a statement of claim is adequate if it gives sufficient notice of the claim asserted 'to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata*, and to show the type of case brought. . . . ' Moore § 8.13. 'Mere vagueness or lack of detail is not ground for a motion to dismiss.' Such a deficiency 'should be attacked by a motion for a more definite statement.' Moore § 12.08 and cases cited therein.

"In further appraising the sufficiency of a complaint Mr. Justice Black said, in *Conley v. Gibson, supra* at 45-46, '[W]e follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' 'This rule,' said the Court in *American Dairy Queen Corporation v. Augustyn*, 278 F. Supp. 717, 'generally

precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery.' If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim it will be dismissed. Moore § 12.08 summarizes the federal decisions as follows: ' "A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.'*

\* \* \* \*

"[G]enerally speaking, the motion to dismiss under Rule 12(b)(6) may be successfully interposed to a complaint which states a defective claim or cause of action but not to one which was formerly labeled a 'defective statement of a good cause of action.' . . . "

In the case at bar the complaint reads:

"The plaintiff, complaining of the defendant, alleges:

1. That the plaintiff is a citizen and resident of Alamance County, North Carolina, and the defendant is a citizen and resident of Wake County, North Carolina.

2. That on the 21st day of December 1972 a Judgment was entered in the Court in El Paso County, Texas, having jurisdiction of the parties. That copy of said Judgment is attached hereto as Exhibit A and made a part hereof.

3. That among the provisions of said Judgment as a requirement that the defendant, by way of alimony to his wife, was required to sign over to the wife, the plaintiff herein, one-half of his retirement pay from the United States Army, which he would be entitled to if he retires on or before April 1, 1973. That the defendant retired from the United States Army prior to the 1st day of April, 1973.

That the defendant has failed and refused to cause the Army to pay one-half of the retirement benefits to the

plaintiff as shown by plaintiff's Exhibit B, a copy of which is attached hereto and made a part hereof.

WHEREFORE the plaintiff, pursuant to the provisions of G.S. 50-16.9(c) requests the Court to enter an Order either in words and figures as shown by the Texas judgment or by the same modified to such an extent as will permit the plaintiff to realize the benefits that the defendant is obligated to give her.

This 10th day of May, 1973.

> DALTON & LONG
> By: s/ W. R. Dalton, Jr.
> Attorney for Plaintiff

(Verified by LOU ANNA BROWN this 10th day of May 1973)"

Plaintiff instituted this action under G.S. 50-16.9(c) for modification of the Texas judgment apparently to provide for payment of one-half of the retirement pay by defendant to the plaintiff since the Army refused to make any payments to anyone other than the retired member. The defendant answered that no relief should be granted plaintiff under G.S. 50-16.9(c) since there had been no showing of changed circumstance and since Texas allowed only alimony pendente lite and not permanent alimony (unless there is no community property.) The crux of defendant's argument is that since Texas courts could not modify their own judgments to provide for permanent alimony, Vernon's Ann. Tex. Civ. Stat., Art. 4637, then the North Carolina courts could not so modify the Texas judgment. G.S. 50-16.9(c).

However, modification of the Texas judgment is not necessary. Retirement pay and the division thereof is not alimony in Texas but under certain circumstances is community property. In *Davis v. Davis,* 495 S.W. 2d 607 (Tex. Civ. App. 1973), the Texas Civil Court of Appeals examined the history of the treatment of military retirement pay in Texas divorce cases. Normally, retirement pay property rights earned during marriage are not considered vested and thus not community property unless the serviceman retired prior to the divorce, or, at the time of divorce, had completed the twenty years of service needed to entitle him to retirement benefits even though he had not yet retired. *Kirkham v. Kirkham,* 335 S.W. 2d 393 (Tex. Civ. App. 1960) ; *Mora v. Mora,* 429 S.W. 2d 660 (Tex. Civ.

App. 1968) ; *Busby v. Busby,* 457 S.W. 2d 551 (Texas 1970). In *Miser v. Miser,* 475 S.W. 2d 597 (Tex. Civ. App. 1971), the Texas Court of Civil Appeals held that the serviceman's rights to retirement pay had vested and thus could be considered community property where the serviceman had served eighteen and one-half years, and had reenlisted prior to divorce, which term of enlistment would carry him beyond the twenty-year period required to make him eligible for retirement benefits.

Texas courts clearly have allowed the division of retirement pay and do not consider such awards as alimony. In the case at bar defendant was discharged from the Army just one month after the Texas judgment, and that judgment provided for the wife to have "one-half of the Respondent's retirement pay from the United States Army, to be based upon any and all retirement benefits which he would be entitled to if he retires on or before April 1, 1973." Plaintiff is entitled to seek enforcement of the Texas judgment by the North Carolina courts. We therefore reverse and remand for further proceedings in accordance with this opinion.

Reversed.

Judges HEDRICK and BALEY concur.