RUTH S. BOYCE v. ROBERT S. BOYCE

No. 8215SC105

(Filed 15 February 1983)

**Husband and Wife § 16— mortgages on entirety property—husband receiving all proceeds from loans—wife not allowed to "her share" of loan proceeds**

> Where, during their marriage, plaintiff and defendant mortgaged their entirety property, plaintiff received none of the proceeds from the loans, and the parties, upon termination of the marriage, made a voluntary sale of the property, plaintiff's allegation that respondent was *allowed* to use *her shares* of the loan proceeds, insofar as her interest in the proceeds arose out of the fact that they were derived from entirety property, was without legal basis. The husband was entitled to the use of the proceeds for his purposes regardless of the wife's having acquiesced in such use, just as he would have been entitled to use of all other rents, profits and *usufruct* derived from the property during their marriage. Therefore, the respondent's use of all the funds obtained by the mortgages could give rise to no legal liability to his wife.

APPEAL by petitioner from *Battle, Judge.* Judgment entered 30 October 1981 in Superior Court, ORANGE County. Heard in the Court of Appeals 17 November 1982.

Petitioner Ruth Boyce commenced this proceeding for a partition sale of real property she and the respondent Robert Boyce owned as tenants in common. The property was subject to certain deeds of trust placed upon it when the parties were married and owned the property as tenants by the entirety. The first cause of action seeks a partition of the property. In the second cause of action it is alleged that the parties mortgaged the entirety property by separate mortgages executed in 1972, 1976 and 1978, and executed notes and deeds of trust on the property to evidence and secure the mortgages. Petitioner prayed that the respondent be held to be indebted to her and that she have an equitable lien on the proceeds of the partition sale on account of the deeds of trust which had been placed on the property for the benefit of the respondent. The petitioner alleged that she had received none of the proceeds from the loans which the deeds of trust secured and that she had not intended to make a gift to the respondent of the loan proceeds. Judge Brewer dismissed the second cause of action pursuant to Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim upon which relief could be granted. This Court dismissed petitioner's attempted appeal of Judge Brewer's order as interlocutory and premature. *Boyce v. Boyce*, 51 N.C. App. 422, 276 S.E. 2d 494 (1981).

Meanwhile, the parties made a voluntary sale of the property subject to a stipulation that the net proceeds would be held in escrow until final disposition of petitioner's second cause of action. The parties next made cross-motions for summary judgment as to all remaining issues in the action, and these motions were resolved by voluntary dismissals of all remaining issues. Judge Battle entered a final judgment giving effect to the dismissal of petitioner's second cause of action and ordering the Orange County Superior Court Clerk to distribute the proceeds from the partition of the property equally between the parties. From entry of this judgment, petitioner appeals.

*Hogue & Strickland, by Lucy D. Strickland, for petitioner appellant.*

*Haywood, Denny & Miller, by James H. Johnson, III, for respondent appellee.*

JOHNSON, Judge.

This case involves an appeal from the order dismissing petitioner's second cause of action in which she claimed that respondent was indebted to her and that the debt should constitute an equitable lien on respondent's share of the partitioned property. The issue dispositive of this appeal is whether the trial court erred in dismissing petitioner's second cause of action for failure to state a claim upon which relief may be granted. A review of the record and applicable principles of law leads to the inescapable conclusion that petitioner's second cause of action was properly dismissed.

It is well established principle that no complaint is to be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts that could be proved to support the claim. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970); *Yates v. City of Raleigh,* 46 N.C. App. 221, 264 S.E. 2d 798 (1980). Further, the sufficiency of a claim to withstand a motion to dismiss is tested by its success or failure in setting out a state of facts which, when liberally considered, would entitle plaintiff to some relief. *Yates, id.* at 225, 264 S.E. 2d at 800. In testing the legal sufficiency of the complaint "the well pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of facts are not admitted." *Sutton v. Duke, id.* at 98, 176 S.E. 2d at 163; *accord Lloyd v. Babb,* 296 N.C. 416, 251 S.E. 2d 843 (1979). In *Sutton v. Duke* the Supreme Court quoted the following passage from 2A Moore's Federal Practice § 12.08 (2d ed. 1968) in stating the rule as to when dismissal is proper:

> "A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an *absence of law to support a claim of the sort made or of facts sufficient to make a good claim,* or in the disclosure of some fact which will necessarily defeat the claim."
> (Emphasis added.)

277 N.C. at 102-03, 176 S.E. 2d at 166; *accord Brown v. Brown,* 21 N.C. App. 435, 204 S.E. 2d 534 (1974).

In this case, the petition alleges in the second cause of action that petitioner and respondent were husband and wife from 1952

to 1979. During their marriage they purchased a house and lot as tenants by the entirety. On separate occasions in 1972, 1976 and 1978 they encumbered the house and lot by executing notes and deeds of trust on the property to secure the mortgages. Loan proceeds from the 1976 mortgage went, in part, to pay off the 1972 note, leaving the 1976 and 1978 notes outstanding against the property at the time of suit.

The petitioner alleges that when the parties entered into the mortgages, "the entire loan proceeds thereof were used exclusively by respondent for his purposes" and "[p]etitioner allowed respondent to use her share of the loan proceeds, but she made no gift to him of her share of the said proceeds." Further, "[w]hen petitioner provided respondent the use of her share of the said loan proceeds, respondent became indebted to petitioner" and that "[i]n acknowledgement of his duty to repay petitioner and to account to her in the interim, respondent undertook to keep the payments current on the outstanding notes from 1972 forward." In conclusion, the petitioner prays that respondent be declared indebted to her for one-half of the loan proceeds and that respondent's share of the property or its proceeds be declared subject to an equitable lien in favor of petitioner.

To test the legal sufficiency of the petition we must discount conclusions of law or unwarranted deductions of facts, take as true petitioner's factual allegations and determine whether these allegations as a matter of law demonstrate the existence of a debt arising out of the respondent's having used all of the mortgage proceeds "for his purposes." *Sutton v. Duke, supra; Lloyd v. Babb, supra.*

The allegation that an "indebtedness" arose by virtue of petitioner providing respondent with the use of her share of the loan proceeds presents a legal conclusion rather than a statement of fact. Similarly, that respondent undertook to keep the payments current on the outstanding notes "in acknowledgement of his duty to repay petitioner" would appear to be an unwarranted deduction of fact rather than a factual allegation. Nowhere in the petition is it alleged that petitioner "loaned" her share of the loan proceeds to respondent with the understanding that she would be "repaid," or that she entered into any type of formal contract, agreement or transaction with respondent. Nor is it alleged that

respondent made any promise, whether oral or written, to petitioner with respect to the loan proceeds.

It is clear from the remaining factual allegations that petitioner's claim for a debt owing is based upon her assertion that one-half the loan proceeds from the 1976 and 1978 mortgages were her sole and separate personal property. However, it is also clear that petitioner's only alleged property interest in the mortgage proceeds arises out of the fact that the proceeds were derived from the parties' voluntary encumbrance of their entirety property while married. The second cause of action is devoid of any other allegations supporting petitioner's claim of a separate personal property interest in the proceeds. The absence of such allegations is fatal to the claim of an enforceable indebtedness in the second cause of action because the law of this State is to the effect that one of the incidents of ownership of real property by a husband and wife as tenants by the entirety is that mortgage proceeds from entirety property mortgaged during the marriage are, in effect, the separate property of the husband.

An estate by the entirety is a form of co-ownership of real property by a husband and wife in which each is deemed to be seized of the entire estate, with neither spouse having a separate or undivided interest therein. *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566 (1924); *Wall v. Wall*, 24 N.C. App. 725, 212 S.E. 2d 238 (1975). In discussing the incidents of ownership of real property held by the husband and wife during marriage as an estate by the entirety, the Supreme Court in *Gas Co. v. Leggette*, 273 N.C. 547, 551, 161 S.E. 2d 23, 26-27 (1968) stated:

> Although neither the husband nor the wife can separately deal with the estate, and the interest of neither can be subjected to the rights of creditors so as to affect the survivor's right to the estate, the husband, during coverture is entitled to the full control, possession, income, and *usufruct* of the estate. *Bryant v. Bryant*, 193 N.C. 372, 137 S.E. 188.

> In the exercise of this control, use, and possession, he may, without joinder of the wife, lease the property, mortgage the property, grant rights-of-way, convey by way of estoppel — qualified in all of those instances by the fact that the wife is entitled to the whole estate uneffected by his acts if she survive him. See 41 N.C. Law Review 67, 85, "Tenancy by the

Entirety in North Carolina" by Dr. Robert E. Lee, and the cases therein cited.

*See also* Webster, *Real Estate Law in North Carolina,* § 114 p. 131 and the cases cited.

The petitioner's reliance upon *Bowling v. Bowling,* 252 N.C. 527, 114 S.E. 2d 228 (1960) in support of her claim to separate ownership of one-half the loan proceeds is misplaced. In *Bowling,* the land owned by the parties as a tenancy by the entirety was sold. The Supreme Court ruled that the proceeds derived from the sale of entirety property are personalty and belong to the husband and wife as tenants in common; therefore, when the wife permits the husband to use the entire net sale proceeds for his own purposes, a trust arises by operation of law in favor of the wife. 252 N.C. at 531, 114 S.E. 2d at 231. However, prior to the time of sale by the husband and wife, it is the *husband* alone who is *entitled* to full use of the income from the property, including the proceeds derived from the mortgages. *Gas Co. v. Leggett, supra.* The rule announced in *Bowling* is inapplicable in a case in which the proceeds derived from entirety property maintain their identity as the *usufruct* of an estate owned by the entirety, subject to the separate use and control by the husband, and are not converted into tenancy in common property by the transaction.

All of the other cases relied upon by petitioner in her brief are clearly distinguishable from the case under discussion for similar reasons. *Wilson v. Ervin,* 227 N.C. 396, 42 S.E. 2d 468 (1947), *Fulp v. Fulp,* 264 N.C. 20, 140 S.E. 2d 708 (1965) and *Wall v. Wall, supra* all dealt with situations where the husband acquired property in his own name either from money which was the separate property of the wife or from proceeds from the sale of entirety property, one-half of which is recognized by law as being the separate property of the wife. None of these cases are applicable to loan proceeds from entirety property where the mortgages were voluntarily entered into by the husband and wife during the marriage of the parties.

Thus, petitioner's allegation that respondent was *allowed* to use *her shares* of the loan proceeds, insofar as her interest in the proceeds arises out of the fact they were derived from entirety property, is without legal basis. The respondent-husband was entitled to use of those proceeds for his purposes regardless of the

petitioner-wife's having acquiesced in such use, just as he would have been entitled to use of all other rents, profits and *usufruct* derived from the property during their marriage. Therefore, the respondent's use of all the funds obtained by the mortgages could give rise to no legal liability to petitioner. While this result may appear unjust to the wife, it is clearly dictated by the real property law of tenancy by the entirety as it exists in North Carolina. Relief for one in the petitioner's position must come, if at all, through the Legislature.[1]

The state of facts set out in the petition, even when liberally construed, fails to demonstrate the existence of a debt arising out of the respondent's having used the loan proceeds from the entirety property for his own purposes. There is an absence of law to support the petitioner's claim to a separate property interest in the funds upon which to base her further allegations for money advanced and debt owed. In addition, there is an absence of facts sufficient to make a good claim to separate ownership of the proceeds under any other theory, just as there is an absence of facts sufficient to show any contract, promise or agreement by the respondent with regard to repayment of the outstanding notes. Under the rule of *Sutton v. Duke, supra* and *Brown v. Brown, supra* the petition is clearly without merit and was properly dismissed on motion pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

Affirmed.

Judges ARNOLD and HILL concur.

---

1. Although not applicable to the case *sub judice*, effective 1 January 1983, G.S. 39-13.6 (North Carolina General Statutes, 1982 Interim Supplement) expressly changes the common law incidents of tenancy by the entirety for all real property acquired on and after 1 January 1983. G.S. 39-13.6(a) provides that a "husband and wife shall have an equal right to the control, use, possession, rents, income and profits of real property held by them in tenancy by the entirety." We note that a Bill is currently before the General Assembly to amend Chapter 39 to further equalize between married persons the right to income, possession and control on property owned concurrently in tenancy by the entirety by making G.S. 39-13.6 applicable to all property *held* as tenancy by entirety after 1 July 1983 *without regard to when acquired.* S.39, Reg. Sess., 1983, *reprinted in* Legislative Reporting Service, Daily Bulletin, Bulletin No. 12, at 84.