PIERSON v. BUYHER

[101 N.C. App. 535 (1991)]

VAL STEPHEN PIERSON, Executor of the Estate of NORMA T. PIERSON, Plaintiff v. JOHN R. BUYHER and JEFFERSON NATIONAL LIFE INSURANCE COMPANY, Defendants

No. 9030SC494

(Filed 5 February 1991)

**Limitation of Actions § 4.2 (NCI3d) — negligence of insurance agent — accrual of action — statute of limitations**

The trial court erred by concluding that plaintiff's case was barred by the statute of limitations where plaintiff brought an action for the negligence of an insurance agent on 22 August 1989; plaintiff alleged that Jefferson National and Buyher breached a duty to the insured and ultimately to the beneficiary which caused injury by increasing the tax liability of the insured's estate; the duty of the defendants was to provide a policy consistent with the desires of Ms. Pierson; defendant Buyher, as agent for defendant Jefferson National, could have changed the policy to remove Ms. Pierson as the owner of the policy up until the time of her death; the duty to do so existed to the date of her death; and defendants' last act or actionable admission occurred on the day Ms. Pierson died, 16 November 1987. Plaintiff filed his complaint well within the applicable three-year statute of limitations.

**Am Jur 2d, Insurance §§ 138, 1876; Limitation of Actions § 105.**

Judge WELLS dissenting.

APPEAL by plaintiff from order of *Judge John R. Friday* entered 6 March 1990 in MACON County Superior Court. Heard in the Court of Appeals 29 November 1990.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Russell P. Brannon and Michelle Rippon, for plaintiff appellant.*

*Samuel C. Briegel for John R. Buyher, defendant appellee.*

*Roberts Stevens & Cogburn, P.A., by Gwynn G. Radeker and Marjorie Rowe Mann, for Jefferson National Life Insurance Company, defendant appellee.*

COZORT, Judge.

The sole issue presented on appeal is whether the trial court erred in dismissing plaintiff's action alleging negligent tax advice, as time barred by the applicable statute of limitations. For the reasons set forth below, we hold that the judge erred.

According to the complaint filed 22 August 1989, plaintiff is the beneficiary of a life insurance policy purchased by Norma T. Pierson from defendant Jefferson National Life Insurance Company (hereinafter Jefferson National). On 19 December 1985, Norma Pierson contracted with Jefferson National through its agent, defendant John R. Buyher, for a life insurance policy in the amount of $400,000.00. The purpose in purchasing the policy was to add $400,000.00 in liquidity to the estate of Ms. Pierson in the event of her death. Norma Pierson died on 16 November 1987, and plaintiff is her principal beneficiary under her will as well as beneficiary of the life insurance policy.

The policy designated Norma Pierson as the owner of the policy and plaintiff as the beneficiary. As a result of this designation, the proceeds of the policy were includable in Norma Pierson's gross estate and subject to state and federal taxes. Plaintiff brought this action to recover the $200,000.00 tax liability incurred due to the inclusion of the policy proceeds in the insured's estate. Both defendants pled the three-year statute of limitations in N.C. Gen. Stat. § 1-52 as barring this action, alleging Norma Pierson purchased the policy on 19 December 1985, while plaintiff did not bring this action until 22 August 1989. The trial court concluded that the action accrued on 19 December 1985, that N.C. Gen. Stat. § 1-52 was applicable to the action, and that plaintiff's action was time barred. Plaintiff appeals. We reverse.

We first note that plaintiff has alleged a cognizable legal action. In *Bradley Freight Lines, Inc. v. Pope, Flynn & Co.*, 42 N.C. App. 285, 256 S.E.2d 522, *disc. review denied*, 298 N.C. 295, 259 S.E.2d 299 (1979), this Court recognized a cause of action for negligent advice of an insurance agent. We stated:

As a general rule, an insurance agent who, with a view to compensation, undertakes to procure insurance for another owes the duty to his principal to exercise good faith and reasonable diligence, and any negligence or other breach of duty on his part which operates to defeat the insurance coverage procured

or causes the principal to be underinsured will render the agent liable for the resulting loss.

*Id.* at 290, 256 S.E.2d at 525. We further stated that the insured's remedies against the insurer "are not limited to breach of contract, but can be based on actionable negligence as well." *Id.* at 291, 256 S.E.2d at 525.

We have held that a *beneficiary* may bring a cause of action against and recover from an insurance company with whom the insured alone has dealt. *Pearce v. American Defender Life Ins. Co.*, 62 N.C. App. 661, 303 S.E.2d 608 (1983). In *Pearce*, a panel of this Court held that it was error for the trial court to have dismissed claims made by a beneficiary under a life insurance policy where the beneficiary's complaint established "no insurmountable bar to [plaintiff's] claim." *Id.* at 665, 303 S.E.2d at 610. The beneficiary claimed that the insured purchased a policy that provided for the payment of $40,000.00 to the beneficiary in the event of the insured's accidental death and that after the insured's death in a plane accident, she received only $20,000.00. This Court held that the beneficiary set forth a valid claim and that resolution of the case depended upon the construction and effect given to communications exchanged by the insured and the insurance company. *Id.* at 667-68, 303 S.E.2d at 612.

Acknowledging that a cause of action exists for negligent advice of an insurance agent and that a policy beneficiary may bring a cause of action, the issue in this case is when the cause of action accrues, for the purposes of the statute of limitations, for the beneficiary who is not privy to the original transaction. Ordinarily, a cause of action for negligence accrues when the wrong is committed giving rise to the right to bring suit, even though the damages at that time be nominal and the injuries cannot be discovered until a later date. *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E.2d 508 (1957). We find the present case similar to a malpractice action. In actions for malpractice where there is no damage "readily apparent to the claimant at the time of its origin," a cause of action accrues "at the time of the occurrence of the last act of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-15(c) (1990); and *Nationwide Mutual Ins. Co. v. Winslow*, 95 N.C. App. 413, 382 S.E.2d 872 (1989).

In *Nationwide*, "[d]efendant's alleged negligence arose from his failure to file [an] answer, which resulted in a default judgment

PIERSON v. BUYHER

[101 N.C. App. 535 (1991)]

being entered and plaintiff sustaining a $25,000 loss." *Id.* at 415, 382 S.E.2d at 873. Thus, the defendant's last act occurred on 8 March 1983, the date plaintiff discharged defendant. Defendant was unable to file an answer after that date. We held that the applicable statute of limitations began running on 8 March 1983, the last date defendant acted or failed to act. *Id.* at 416, 382 S.E.2d at 874.

The present case is analogous to *Nationwide*. Here the plaintiff alleges that Jefferson National and Buyher breached a duty to the insured and ultimately to the beneficiary which caused injury by increasing the tax liability of the insured's estate. The duty of the defendants was to provide a policy consistent with the desires of Ms. Pierson. Defendant Buyher, as agent for defendant Jefferson National, could have changed the policy to remove Ms. Pierson as the owner of the policy up until the time of her death. The duty to do so existed to the date of her death. Thus, the defendants' last act or actionable omission occurred on the day Norma Pierson died. We hold that the statute of limitations for this alleged negligent failure to act began to run on the day that Norma Pierson died, 16 November 1987.

The trial court erred in concluding that the plaintiff's case was barred by the statute of limitations. The plaintiff's cause of action accrued on 16 November 1987; plaintiff filed his complaint on 22 August 1989, well within the applicable three-year statute of limitations. The trial court's order of dismissal is reversed, and the cause of action is remanded for further proceedings.

Reversed and remanded.

Judge JOHNSON concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

It is my opinion that if any actionable wrong was committed by defendant Buyher, it was committed when the insurance policy was delivered to Ms. Pierson containing a provision that she was the owner of the policy, and I am therefore of the opinion that the trial court's order dismissing this action should be affirmed.