SYDNEY A. POWELL *vs.* J. M. WEITH.

1.  On a motion made to vacate a judgment under the 133rd section, C. C. P., it is the duty of the Judge to find and state the facts, in order that his decision thereon may be revised by this Court.

2.  In such case. where one of the grounds was, that the action (which was commenced under the old system) had not been transferred in due time, a statement of the Judge that "the action was transferred within the time prescribed by law," is not a sufficient finding of the facts, but he should have stated when the suit was transferred.

The cases of *Clegg* v· *N. Y White Soap Stone Co.*, at this term, and *Hudgins* v. *White*, 65 N. C. R., 398, cited and approved.

This was a motion to vacate a judgment under sec. 133, C. C. P. heard before His Honor, Judge Tourgee, but at what time does not appear in the transcript, except that it was within one year after the rendition of the judgment.

Among various grounds assigned for the motion, it was alleged by the defendant, that the action was commenced in 1853, and was not transferred within the time prescribed by law.

His Honor was requested to find the facts upon this and other grounds. As the opinion is based upon the action of His Honor, touching this ground alone, it is deemed proper to confine the report to the matters connected with it.

His Honor, on this point, professing to find the facts, states that "the action was transferred within the time prescribed by law and no further notice was necessary."

His Honor declined to grant the motion and the defendants appealed.

*Dillard & Gilmer* and *Scott & Scott* for the appellant.
*Mendenhall & Scales* for the appellee.

S. A. POWELL v. J. M. WEITH.

READE, J. The conclusion of His Honor's ruling is as follows :

"Upon these facts, the Court holds that the defendant is not ·entitled to have the judgment set aside for surprise.or excusable negligence. The motion is therefore denied."

From this it is evident that the views of His Honor, as to what was necessary to support his conclusion of law, were correct, i. e., that the "facts" must be found and set forth by him, in order that he might be reviewed on appeal. And it is evident also, that his honor supposed that he had set forth all the facts necessary, but we find that he has inadvertently failed to do so in several particulars. The only one necessary for us to mention, although there are others, is, that it was alleged by ·defendant that the suit was not transferred from the old Court to the new "at the first term after the ʼnew constitution, and that it was omitted altogether from the docket at Fall Term, 1868."

Instead of finding how these facts were, His Honor simply declares, "That the action was transferred within the time pre-·scribed by law." Now it is evident that, whether the action was transferred within the time prescribed by law, depends ·upon the *fact when* it was transferred, and that fact is not stated by His Honor.

It is insisted that we ought to presume that His Honor found the transfer to have been at such time as was prescribed by law. But that would be the same as to presume that His Honor could not err as to what was the time prescribed by law, and such a presumption would make his judgment final.

We have discussed the same question in *Clegg* v. *New York White Soapstone Company*, at this term, and see *Hudgins* v. *White*, 65 N. C. 303.

There is error. Let this be certified.

PER CURIAM.                                                    Error.