H. L. FINLAYSON v. THE AMERICAN ACCIDENT COMPANY OF LOUISVILLE, KY.

*Excusable Neglect—Vacating Judgment—Appeal.*

1. The findings of fact by a Justice of the Peace, upon a motion to vacate a judgment for excusable neglect, are reviewable on appeal by the Superior Court, but the findings of fact by the Superior Court upon such motion and appeal are not reviewable by the Supreme Court.

2. Where the local agent of an incorporated company appeared on the return day of a summons, before a Justice of the Peace, and pro-

cured a continuance for ten days, within which time it had an opportunity to employ counsel to represent it, but it neglected to do so until the day of the trial, when, because of delay in the mail, the counsel was not able to appear until after trial: *Held*, to be inexcusable neglect.

3. Upon a motion to vacate a judgment rendered by a Justice of the Peace there was judgment denying the motion, and an appeal was taken to the Superior Court: *Held*, in the absence of any evidence of notice of appeal, within ten days from the original judgment, it would be presumed the appeal was from the judgment refusing the motion to vacate, and not from the judgment upon the merits of the action.

This was a CIVIL ACTION, heard on motion before *Whitaker*, *J.*, at the September Term, 1891, of WAYNE Superior Court.

The action was commenced before. a Justice of the Peace, and on the 29th of December, 1890, a judgment was rendered in favor of the plaintiff, after hearing the plaintiff's evidence, the defendant being absent and not represented by counsel. Within ten days after the rendition of said judgment the defendant filed its petition to rehear said action under § 845 of *The Code*. The Justice heard all the affidavits offered on that point, and found that the failure of the defendant to appear and answer was not due to the "sickness, excusable mistake or neglect of the defendant," and thereupon declined to re-open the case. From the refusal to re-open said case the defendant appealed to the Superior Court.

In the Superior Court the defendant asked the Court to review the ruling of the Justice of the Peace upon the petition to rehear and to remand the case to the Justice that the defendant may be allowed to plead.

The Court reviewed the ruling of the Justice of the Peace, and, upon hearing the affidavits, found, as a fact, that the summons in this action was made returnable on the 19th of December, 1890, and was served upon the defendant on said day; that on that day, at the request of the defendant, the

trial was continued to December 29th, 1890, at 3 o'clock P. M.; that Drewry & Kenny, general agents for defendant company, employed an attorney at law residing and having his office in the city of Raleigh, to represent the defendant in this action, and that immediately upon said employment he wrote a letter to attorneys at law in Goldsboro, N. C., to represent the defendant at said trial, which letter was received by them on the 29th of December, 1890, at 3:30 P. M.; that within about an hour after receiving said letter the said attorneys called at the office of the plaintiff's attorneys for the purpose of enquiring as to the status of said action and putting in the pleas of defendant company, but they were absent, and at 9 o'clock that night they were informed that the action had been tried at 3 o'clock P. M. of that day; that on the 26th day of December, 1890, Mr. J. B. Kenny, of the firm of Drewry & Kenny, remarked to the plaintiff, H. L. Finlayson, that this action was to be tried on the Monday following, and Finlayson replied in the affirmative; Kenny then asked the plaintiff as to who were good lawyers in Goldsboro; the plaintiff gave him the names of two law firms in said town and offered to take a letter to such counsel as said Kenny might see proper to employ to represent said company, and that said Kenny said he would write by mail; that about a week prior to the employment of the attorney in Raleigh said Drewry talked to him about this case, but did not employ him; that the mail train from Raleigh on the 29th of December, 1890, was a little late.

The Court being of the opinion that the absence of the defendant at the trial on the 29th of December, 1890, was not caused by the sickness, excusable mistake, or neglect of said defendant, declined the motion of the defendant, to which defendant excepts.

The defendant then asked the Court to permit it to plead in this action, which motion was refused, and the defendant excepted.

The defendant specially excepted because the Court declined to find, as a fact, that said Drewry understood that he had retained and employed Col. Hinsdale to represent the defendant in this action in the latter part of December, 1890, when he first talked to him about the matter.

*Mr. W. C. Monroe*, for plaintiff.
*Mr. W. R. Allen*, for defendant.

CLARK, J.: The defendant, who was not present at the trial before the Justice of the Peace " in person or by attorney," moved, within ten days, to set aside the judgment for excusable neglect under § 845 of *The Code*. The Justice found, as a fact, there was no excusable neglect or mistake on the part of the defendant, who thereupon excepted and appealed. In the Superior Court the Judge found the facts as sent up in the case on appeal, and affirmed the ruling of the Justice.

The findings of fact by the Justice are reviewable by the Judge of the Superior Court on appeal, while findings of fact by the Judge (except in injunctions and in similar cases) are not subject to review by this Court. The reason for the distinction is pointed out in Deaton's case, 105 N. C., 59. We are, therefore, bound by his Honor's findings of fact, and can only consider whether in law they constitute excusable neglect. *Clegg* v. *Soapstone Co.*, 66 N. C., 391; *Powell* v. *Weith*, 66 N. C., 423; *Jones* v. *Swepson*, 79 N. C., 510.

In this case it was found, as a fact, that on the return day of the summons the defendant's local agent appeared and procured a continuance for ten days; but, notwithstanding, it did not employ counsel till so late that though he "immediately wrote to local counsel in Goldsboro" (where the cause was tried), the letter was received a half hour after the time set for the trial. This was inexcusable neglect. Nor is there any force in the objection that the Judge declined to find

that the general agents of the defendant company *understood* that they had retained said counsel a week previously, for, even if it be admissible for such an excuse to be set up, they certainly knew of the misunderstanding when they had the second interview with their counsel, and it was negligence not then to telegraph, which would have secured local counsel in ample time, instead of trusting to the slower movement of the mail. Then, too, the local agent in Goldsboro, who appeared on the return day and procured the continuance, when he found his company unrepresented at the trial, should have employed counsel, or, at least, have asked a short delay to telegraph the general agents. Besides, take it most strongly for the defendant that the agents in Raleigh not only understood they had, but actually had, employed counsel in Raleigh a week before, as he was not to appear in the case himself, but merely to employ local counsel in Goldsboro, the scope of his employment *pro hac vice* was not professional, but that of a mere agent, being a duty which they could have performed themselves, and his negligence was the negligence of the company (*Churchill* v. *Ins. Co.*, 92 N. C., 485; *Griffin* v. *Nelson*, 106 N. C., 235; *Boing* v. *R. R.*, 88 N. C., 62), and would not excuse. In fact, however, the Judge does find that, subsequent to the alleged first interview with counsel in Raleigh, and three days before the trial, one of defendant's general agents saw the plaintiff, mentioned the date set for the trial, and stated that they themselves would write to counsel in Goldsboro to represent the defendant. Litigation is a serious matter. When a party has a case in Court the best thing he can do is to attend to it. The very perfunctory attention which was given by the defendant, or its agents, in the present case is not of such a nature as to call for the interposition of a Court.

The point is also suggested that the defendant appealed from the judgment on the merits, as well as from the judgment refusing the motion to set aside the judgment. But

if so, it should be made to appear that the appeal was taken within the ten days after such judgment was rendered. *Spaugh* v. *Boner*, 85 N. C., 208; *The Code*, § 876. The record does not disclose such fact, but merely that the motion to set aside the judgment was refused and an appeal taken, presumably from the judgment refusing the motion. If, in fact, the appeal was from the judgment on the merits, the appellant should have applied to the Justice of the Peace to have had it so stated, or have served his notice of appeal stating it, and within the time prescribed by law, and the burden was on him to show this. On the contrary, it appears from "the case on appeal" that the appeal was treated in the Superior Court solely as an appeal from the refusal of the motion to set aside, and it recites the judgment before the Justice, the motion to set it aside and re-open the case, its refusal, and that "from the refusal to re-open said case the defendant appealed to the Superior Court." Had there been an appeal within ten days on the merits, the trial in the Superior Court would have been *de novo*, and there would have been no point in the contest whether the Justice should have set aside the judgment.

While in case of a disagreement between the record proper and the "case on appeal," the former governs (*State* v. *Keeter*, 80 N. C., 472; *Adrian* v. *Shaw*, 84 N. C., 832), there is, as we have said, nothing in the record to show clearly that there was an appeal from the judgment on the merits, and nothing at all to indicate that if it was, that such appeal was taken within the prescribed time. *The Code*, § 876. However the fact may be, we are restricted to what appears in the transcript. The presumption is always in favor of the correctness of the judgment below, and the burden is on the appellant to show error. This we do not think he has done.

Affirmed.