NATIONWIDE MUTUAL INSURANCE COMPANY, PLAINTIFF v. DOUGLAS N. WINSLOW, DEFENDANT

No. 8810SC1035

(Filed 5 September 1989)

**Attorneys at Law § 5.1; Limitation of Actions § 4.2— legal malpractice—accrual of claim—appeal of underlying action—statute of limitations not tolled**

Plaintiff insurer's cause of action for legal malpractice based on defendant attorney's failure to file answer on behalf of plaintiff's insureds accrued on the date a default judgment was entered against the insureds, and the statute of limitations was not tolled during pendency of the appeal of the underlying action. Plaintiff's malpractice claim was thus barred under N.C.G.S. § 1-15(c) where it was instituted more than three years after default judgment was entered against its insureds.

Judge PHILLIPS concurring in the result.

APPEAL by plaintiff from judgment of *Judge Henry V. Barnette, Jr.*, entered 16 June 1988 in WAKE County Superior Court. Heard in the Court of Appeals 22 March 1989.

*LeBoeuf, Lamb, Leiby & MacRae, by George R. Ragsdale and Dean A. Riddle, for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, P.A., by Walter E. Brock, Jr., and Knox Proctor, for defendant appellee.*

COZORT, Judge.

This appeal involves the question of whether plaintiff's action for legal malpractice is barred under N.C. Gen. Stat. § 1-15(c). We hold that plaintiff's cause of action accrued more than three years prior to the bringing of suit, and that the statute of limitations was not tolled during the appeal of the underlying action which defendant allegedly was negligent in handling. We therefore affirm the trial court's order of summary judgment in favor of defendant.

On 13 October 1981, a negligence action arising from an automobile accident was filed against Calvin Thomas Tharpe and James Allen Tharpe. The next day, a copy of the complaint was sent to plaintiff, Nationwide Mutual Insurance Company, the Tharpes' insurance carrier. On 16 October 1981, the Tharpes were personally served with process. They immediately thereafter delivered the summonses and complaint to plaintiff. On 20 November 1981, after the time for filing answer to the complaint had passed, plaintiff retained defendant to represent the Tharpes. Plaintiff told defendant that the Tharpes had not been served and that defendant should "verify proper service of process before entering an appearance on behalf of [the Tharpes]." Defendant checked with the clerk's office to verify service, but the returns of summonses had not been filed because the sheriff had sent them to counsel for the plaintiff in that underlying action.

The summonses were not filed until 27 January 1982; on 28 January 1982, an entry of default was made by the assistant clerk of superior court. A Motion for Entry of Default Judgment was filed on 12 May 1982, and hearing on that Motion was set for 30 August 1982. After learning of the hearing, defendant filed a Motion to Dismiss, Motion to Dismiss Entry of Default, and Motion to Set Aside Entry of Default. Those motions were denied

NATIONWIDE MUTUAL INS. CO. v. WINSLOW

[95 N.C. App. 413 (1989)]

by the trial court on 1 September 1982. Default judgment in the amount of $25,000 was entered 8 March 1983. At that time, defendant was discharged and another attorney took over the Tharpes' defense. The new attorney appealed the trial court's denial of plaintiff's Motion to Set Aside Entry of Default. This Court affirmed the trial court in an unpublished opinion filed 5 June 1984. *Martin v. Tharpe*, 68 N.C. App. 563, 316 S.E.2d 366 (1984). Plaintiff thereafter gave notice of appeal from the trial court's denial of its Motion to Set Aside the Default Judgment. This Court affirmed the trial court in an unpublished opinion filed 7 May 1985. *Martin v. Tharpe*, 74 N.C. App. 607, 330 S.E.2d 525, *cert. denied*, 314 N.C. 116, 332 S.E.2d 482 (1985).

On 29 September 1987, summons was issued and a complaint was filed in the instant malpractice action against defendant. By Order dated 16 June 1988 the trial court granted defendant's motion for summary judgment. Plaintiff appeals. We affirm.

"Civil actions can only be commenced . . . after the cause of action has accrued." N.C. Gen. Stat. § 1-15(a) (1988). In actions for malpractice, whether medical or legal, where there is no damage "not readily apparent to the claimant at the time of its origin," a cause of action accrues "at the time of the occurrence of the last act of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-15(c) (1988). When the cause of action accrues, the three-year period under the applicable statute of limitations, *see Brantley v. Dunstan*, 10 N.C. App. 706, 179 S.E.2d 878 (1971), begins to run. Once that period begins to run, it is not tolled until appropriate judicial process has been commenced. *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 36 N.C. App. 778, 245 S.E.2d 234 (1978).

Defendant's alleged negligence arose from his failure to file answer, which resulted in a default judgment being entered and plaintiff sustaining a $25,000 loss. Plaintiff concedes that defendant's last act occurred on 8 March 1983. Nevertheless, it cites *Snipes v. Jackson*, 69 N.C. App. 64, 316 S.E.2d 657, *disc. rev. denied and appeal dismissed*, 312 N.C. 85, 321 S.E.2d 899 (1984), in support of its argument that it suffered no loss and its cause of action did not accrue until the Supreme Court denied discretionary review on 3 July 1985. Alternatively, it argues that, even if its cause of action accrued when the default judgment was en-

NATIONWIDE MUTUAL INS. CO. v. WINSLOW

[95 N.C. App. 413 (1989)]

tered, the statute of limitations was tolled during pendency of the appeal in the underlying action.

Plaintiff's reliance on *Snipes* is misplaced. In *Snipes* this Court created an accrual rule for the triggering of the statute of limitations period in cases involving malpractice in tax matters. We held that the statute of limitations did not bar the plaintiff's action, because no cause of action had accrued prior to the tax assessment by a third party. We specifically emphasized that the malpractice action in that case was "not directly analogous to professional negligence suits against doctors or attorneys in general." *Id.* at 71, 316 S.E.2d at 661.

We hold that plaintiff's cause of action accrued, and the limitations period began to run, no later than 8 March 1983. We further hold that, absent the commencement of appropriate judicial process by filing a complaint, the statute of limitations was not tolled. The statute was not tolled by the appeal of the underlying action. We therefore affirm the judgment of the trial court dismissing plaintiff's action as barred by the three-year statute of limitations.

Affirmed.

Judge BECTON concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in the result.

Whether plaintiff's claim is barred by the statute of limitations need not be determined, in my opinion, because the record shows without contradiction that plaintiff's claim has no merit since the loss that it seeks to recover from defendant was proximately caused by its own inexcusable neglect. The record shows that: Though plaintiff was served with a copy of the suit papers on 14 October 1981 (1) it never checked with the sheriff as to whether the insureds had been served; (2) it did not check with the Clerk's office about the return until 18 November 1981, three days after the time for answering expired; (3) it did not engage defendant to defend the case until five days later and further delayed the defense of the case by instructing defendant not to make an appearance until service on the insureds was verified; (4) the instruction was pointless as the statute of limitations had a year and a half to run and if

the sheriff's return had been uncorrectibly defective the insureds, who were residents of that county, could have been readily re-served. Thus, when plaintiff engaged defendant to defend the case and instructed him to do nothing until a proper return of service was filed in the Clerk's office the claimant was already entitled to a default judgment because of plaintiff's inexcusable inattention to the litigation. Having entitled the claimant to a default judgment by its own neglect, plaintiff cannot recover the sum lost by the judgment from defendant. Similar inattention in attending to its court business by an insurer was held to be *inexcusable* neglect in *Finlayson v. The American Accident Co.*, 109 N.C. 196, 13 S.E. 739 (1891).