RICHARD SHERWOOD WEBSTER AND BENNY MITCHELL CHURCH, PLAINTIFFS v. HARRELL POWELL, JR., DEFENDANT

No. 8921SC499

(Filed 15 May 1990)

1. **Attorneys at Law § 42 (NCI4th)— attorney malpractice— release from bankruptcy—partial summary judgment for defendant proper**

There was no error in granting partial summary judgment for defendant on claims of breach of fiduciary duty, fraud,

WEBSTER v. POWELL

[98 N.C. App. 432 (1990)]

unjust enrichment, return of fee, restitution, and imposition of a constructive resulting trust where defendant attorney filed a bankruptcy petition in 1986 which was granted in 1987, discharging all dischargeable debts, including plaintiffs'; the bankruptcy court later granted plaintiffs' motion for release from the stay and gave them express authority to continue their action to the extent of the limits of coverage of any malpractice liability insurance policies; plaintiffs' claims for punitive damages based upon fraud and for the imposition of a trust due to fraud and oppressive tactics are claims expressly excluded by the terms of the policy; with respect to the claim of breach of fiduciary duties, the contract referred to the law firm and there was no language in the contract which specifically made defendant personally liable for retention and payment of fees to others, so that the contract does not evidence the fact that defendant attorney agreed to act as a fiduciary for plaintiffs as their complaint alleges; and, even if defendant had agreed to act as a fiduciary, defendant attorney's insurance policy indicates that coverage will be provided for fiduciary agreements which require court approval, so that an informal fiduciary arrangement of this nature would be outside the scope of the insurance policy.

**Am Jur 2d, Attorneys at Law §§ 217, 226; Bankruptcy §§ 71, 72, 785, 786, 799, 800.**

2. **Attorneys at Law § 44 (NCI4th)— malpractice—motion in limine granted—no abuse of discretion**

The trial court did not err in an action for damages against an attorney by granting defendant attorney's motion *in limine* to preclude introduction of evidence related to defendant's failure to return plaintiffs' money, unethical solicitation, commingling, excessive fees, and unauthorized use of a deed of trust. Plaintiffs' counsel failed to articulate a reason for the court to allow the excluded evidence to be admitted; summary judgment had already been properly granted on claims for return of fee and constructive or resulting trust; and breach of a provision of the Code of Professional Responsibility is not in and of itself a basis for civil liability.

**Am Jur 2d, Attorneys at Law §§ 223, 225.**

3. **Limitation of Actions § 4.2 (NCI3d) — attorney malpractice — accrual of claim — statute of limitations**

> The trial court correctly granted defendant attorney's motion for a directed verdict as to plaintiffs' professional negligence and breach of contract claims where defendant's alleged wrongful conduct was readily apparent as early as 6 October 1981 and plaintiffs were at liberty to sue at that time; the statute of limitations began to run from that date and plaintiffs were required to bring their action by 7 October 1984; and the claims were not filed until 29 April 1985.

**Am Jur 2d, Attorneys at Law § 221.**

Judge PHILLIPS concurring in part and dissenting in part.

APPEAL by plaintiffs from judgment entered 14 October 1988 by *Judge Melzer A. Morgan* in FORSYTH County Superior Court. Heard in the Court of Appeals 20 December 1989.

*Robert R. Schoch for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, by William C. Raper and G. Michael Barnhill, for defendant-appellee.*

ORR, Judge.

On 26 April 1985, plaintiffs filed this complaint which alleges that they contracted with defendant, a licensed attorney, to represent them in several legal matters. When, according to plaintiffs, defendant failed to perform pursuant to the terms of their agreement, this action was brought against him for damages.

In their complaint, plaintiffs allege that they were approached by defendant in February 1981, and that after several meetings with him the parties entered into a contract whereby defendant agreed to act as attorney for them and they agreed to pay him $150,000.00 for his services. According to plaintiffs, defendant agreed to represent them concerning anticipated audits by the Internal Revenue Service (the IRS), and concerning any criminal charges resulting from their prior tax activities. Defendant also allegedly agreed to represent them on any charges which might be filed against them relating to violations of banking laws or regulations. Defendant allegedly contracted to hire an outside Certified Public Accounting (CPA) firm to assist in preparation of the matters for the IRS. Defendant was to pay the CPA firm out of the $150,000.00

WEBSTER v. POWELL

[98 N.C. App. 432 (1990)]

which plaintiffs were to pay him. Defendant also agreed to hire additional counsel if criminal indictments were returned against plaintiffs. Said counsel was to be paid out of the same $150,000.00 fund referred to above.

Plaintiffs further allege that defendant's representation of them was inadequate in that he failed to advise them and incorrectly advised them on several occasions. They allege that they ultimately hired replacement counsel to conduct the various negotiations which defendant had agreed to conduct for them. Furthermore, plaintiffs allege that defendant made himself unavailable to them and often absented himself from important meetings. Most importantly, plaintiffs allege that defendant failed to pay the invoices which he had agreed to pay. When defendant failed to respond to plaintiffs' numerous requests for him to make these payments and/or to return the unearned portions of their advancements, plaintiffs filed this complaint seeking compensatory and punitive damages for: (1) breach of contract, (2) breach of fiduciary duty, (3) professional negligence, and (4) fraud. In the alternative, plaintiffs were also seeking to have a constructive or resulting trust imposed due to the invalidity of the contract which was allegedly procured by fraud and duress.

Defendant filed an answer to this complaint on 11 August 1986. Therein he admitted discussing plaintiffs' cases with them and contracting with them for his services. He also stated that he negotiated certain advantageous plea bargain and immunity agreements for them. However, he denied all material allegations made against him by plaintiffs.

By way of affirmative defenses, defendant avers that plaintiffs' claims are barred by the statutes of limitation contained in N.C. Gen. Stat. §§ 1-15(c) and 1-52. He further avers that plaintiffs' requests for equitable relief in the form of a constructive or resulting trust are barred by the unclean hands doctrine. According to defendant's answer, he substantially performed by rendering valuable services; however, plaintiffs refused to make payments as required by their contract. He avers that any actual negligence by him was offset by plaintiffs' own contributory negligence in failing to fully disclose all facts and circumstances related to their criminal activity. Defendant also raised the defense of satisfaction and accord.

Thereafter, on 2 September 1986, defendant filed a petition for bankruptcy under Chapter 7 of the United States Code, Title 11. A stay was ordered in that action, and on 5 November 1986,

plaintiffs filed a motion for relief from that stay. They asked the court to modify its stay and allow them to prosecute their claims against defendant to the extent of his coverage under a malpractice liability insurance policy. On 18 May 1987, plaintiffs were authorized to continue their suit and the stay was "modified to the extent of the limits of coverage of any malpractice liability insurance policies issued to the [defendant] which may be applicable to the [plaintiffs' claims]. . . ."

On 29 May 1987, defendant filed a motion for a judgment on the pleadings requesting a judgment with respect to plaintiffs' professional negligence and malpractice claims. His motion was denied on 28 September 1987. Defendant then filed a summary judgment motion on or about 11 April 1988. Attached to this motion was his own affidavit and a copy of his insurance policy with Lawyers Mutual Liability Insurance Company which was in effect during the time period in which the subject of this suit arose. Plaintiffs filed several affidavits in opposition to defendant's motion.

On 29 April 1988, the court granted defendant's summary judgment motion with regard to the following claims: "(a) imposition of a constructive or resulting trust; (b) breach of fiduciary duty; (c) fraud, including double damages and punitive damages; (d) restitution, unjust enrichment and 'money had and received'; (e) return of fee; and (f) recovery of fee because the fees were allegedly unreasonable, oppressive and excessive."

Defendant's motion was denied as to plaintiffs' claims for professional negligence and breach of contract as that claim relates to their cause of action for professional negligence.

On or about 4 October 1988, defendant filed a motion in limine with the trial court to exclude testimony or argument about claims which had already been summarily dismissed in his favor. Defendant sought to exclude any reference to and evidence of his alleged violations of certain professional rules of conduct, his alleged use of illegal drugs, and the existence of a professional malpractice liability insurance policy.

The court granted defendant's motion in limine, and plaintiffs thereafter filed a motion to correct an alleged clerical error in the court's order granting defendant partial summary judgment. The court denied plaintiffs' motion.

WEBSTER v. POWELL

[98 N.C. App. 432 (1990)]

Thereafter, the court entered a directed verdict in favor of defendant on plaintiffs' claims for malpractice and contractual breach arising from that malpractice. Plaintiffs now appeal the adverse judgments and decisions which were entered below.

I.

[1] Plaintiffs have raised numerous issues some of which we have consolidated for our discussions herein. We will first address the question of whether the trial court erred in granting partial summary judgment in favor of defendant thereby dismissing plaintiffs' claims for breach of fiduciary duty, fraud, unjust enrichment, return of fee, recovery of fee, restitution, and for the imposition of a constructive or resulting trust.

Summary judgment is appropriate when the pleadings, depositions, and other relevant discovery materials show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1983). In the case at bar, defendant filed a petition in bankruptcy court in 1986. On 17 April 1987, the bankruptcy court granted that petition and entered an order discharging all of defendant's dischargeable debts. Plaintiffs' claims against defendant were therefore discharged by this order. However, the bankruptcy court later granted plaintiffs' motion for relief from its stay and gave them express authority to continue their action against defendant for damages:

> to the extent of the limits of coverage of any malpractice liability insurance policies issued to the debtor which may be applicable to [plaintiffs' claims], . . . the stay . . . shall remain in full force and effect as to any portion of those claim [sic] for relief not covered by the debtor's malpractice liability insurance policy.

The language of defendant's malpractice liability insurance policy indicates that defendant was insured for all sums which he should become legally obligated to pay as "money damages" for any claims arising out of the insured's rendering or failing to render his professional services. Under the exclusions section, the policy makes it clear that it does not apply to any claim arising out of any active or deliberate dishonest or fraudulent acts or omissions, and to any punitive, exemplary, double or treble or other damages which are in excess of actual damages. The policy further states that

it covers the attorney when acting as "administrator, conservator, executor, guardian, trustee or in any similar fiduciary capacity."

Plaintiffs' claims for punitive damages based upon fraud and for the imposition of a trust due to fraud and oppressive tactics are claims expressly excluded by the terms of the policy. Therefore, the trial court correctly granted defendant's summary judgment motion as to those matters.

With respect to plaintiffs' claim for breach of fiduciary duties, plaintiffs' contract states that it was "made and entered into . . . between POWELL, YEAGER & FISCHER, hereinafter referred to as 'Law Firm' . . . and [plaintiffs]." It further states that the "Law Firm" would retain the additional counsel and CPA firm and the "Law Firm" would "be responsible for the payment of the fees" to those other entities. There is no language in plaintiffs' contract which specifically makes defendant Powell personally liable for retention and payment of fees to others; the firm contracted to perform such services. Plaintiffs unfortunately voluntarily dismissed their complaint against the firm under N.C. Gen. Stat. § 1A-1, Rule 41(a) on 6 September 1985. Therefore, the trial court properly dismissed this matter as to Powell because plaintiffs' contract does not evidence the fact that Powell agreed to act as a fiduciary for plaintiffs as their complaint alleges.

Furthermore, even if defendant had agreed to act as a fiduciary in this matter, the language in defendant's insurance policy indicates that the policy covers attorneys when acting as "administrator[s], conservator[s], executor[s], guardian[s], trustee[s] or in any similar fiduciary capacit[ies]." We do not believe that their agreement would be covered under this policy because this risk is different from the type of risk described in the policy. Powell's policy indicates that coverage will be provided for fiduciary agreements which require court approval. Therefore, an informal fiduciary arrangement of this nature would be outside of the scope of defendant's policy. As such, the court would have been compelled to dismiss this claim as it would not have been compensable under defendant's policy. We find no error and overrule this assignment.

II.

[2]   The next issue raised by this appeal is whether the trial court erred in granting defendant's motion *in limine* which precluded the introduction of evidence related to defendant's failure to return

plaintiffs' money, unethical solicitation, comingling, excessive fees and his unauthorized use of plaintiff Church's deed of trust as constituting evidence of malpractice.

A motion *in limine* is "made in order to prevent the jury from ever hearing the potentially prejudicial evidence thus obviating the necessity for an instruction during trial. . . ." *State v. Tate*, 300 N.C. 180, 182, 265 S.E.2d 223, 225 (1980). "The judge has a wide discretion to make or refuse to make advance rulings. . . ." McCormick on Evidence, Section 52 (3rd ed. 1984). The ground for reversing a court's decision on such a motion is an abuse of discretion. *Duke Power v. Ham House, Inc.*, 43 N.C. App. 308, 258 S.E.2d 815 (1979).

The trial transcript which contains the parties' argument to the court demonstrates that plaintiffs' counsel failed to articulate a reason for the court to allow the excluded evidence to be admitted. Indeed, their attorney stated several times that he *would* be offering the evidence to show that defendant's conduct was unethical and violative of certain rules of professional conduct. Evidence introduced for those reasons was correctly excluded for two reasons.

First, the summary judgment order had already properly dismissed the return of fees claim and the claim for a constructive or resulting trust. Therefore, any evidence which related to those claims, and for which plaintiffs failed to articulate another valid reason for admission was correctly excluded.

Secondly, we have previously stated that a breach of a provision of the Code of Professional Responsibility is not "in and of itself . . . a basis for civil liability. . . ." *McGee v. Eubanks*, 77 N.C. App. 369, 374, 335 S.E.2d 178, 181 (1985), *disc. review denied*, 315 N.C. 589, 341 S.E.2d 27 (1986). Inasmuch as this evidence may have supported an allegation regarding violations of disciplinary rules, the court correctly excluded it because plaintiffs' attorney failed to present any evidence to the trial court which would show that the excluded material was relevant in determining whether defendant was liable for malpractice for his failure to perform his duties under the contract. More importantly, plaintiffs have failed to demonstrate to this Court that the trial court abused its discretion in granting defendant's motion *in limine*. Therefore, we shall not disturb the trial court's ruling on this issue.

WEBSTER v. POWELL

[98 N.C. App. 432 (1990)]

### III.

[3]  Next, we shall address the question of whether the trial court erred in granting defendant's motion for a directed verdict as to plaintiffs' professional negligence and breach of contract claims.

> Upon a motion for a directed verdict pursuant to N.C.G.S. 1A-1, Rule 50, the court must view the evidence in the light most favorable to the nonmovant, resolving all conflicts in his favor and giving him the benefit of every inference that could reasonably be drawn from the evidence in his favor. . . . It is only where the evidence, when so considered, is insufficient to support a verdict in the nonmovant's favor that the motion for directed verdict should be granted. . . .
>
> A directed verdict is proper only if it appears that the nonmovant failed to show a right to recover upon *any* view of the facts which the evidence reasonably tends to establish . . . . [T]he court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion for a directed verdict only if *as a matter of law*, the evidence is insufficient to justify a verdict for the plaintiff.

*West v. Slick*, 313 N.C. 33, 40-41, 326 S.E.2d 601, 605-06 (1985) (emphasis in original) (citations omitted).

In the case at bar, plaintiffs were limited to a professional negligence claim based upon alleged acts of legal malpractice and a claim for a breach of contract arising from that professional negligence. A professional negligence claim against an attorney is, in essence, a legal malpractice claim. Defendant argues that plaintiffs' claims based on these two theories are barred by the applicable statutes of limitations.

In general, our Supreme Court has said that causes of action accrue to injured persons so as to start the statute of limitations, when those persons are at liberty to sue. *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E.2d 570 (1966). Likewise, we recently considered an issue relating to the statute of limitations for legal malpractice claims in *Nationwide Mutual Ins. Co. v. Winslow*, 95 N.C. App. 413, 382 S.E.2d 872 (1989). There, we said civil actions can only be commenced after the cause of action has accrued. *Id.* at 415, 382 S.E.2d at 873. But, when the damage is not readily apparent to the claimant, the action accrues at the time of the happening of the last wrongful act of the defendant and suit must

be brought within three years of that accrual. *Id. See* N.C. Gen. Stat. §§ 1-15(c) and 1-52.

Here, plaintiffs allege that defendant's failure to negotiate a favorable plea and to coordinate effective defensive strategies for them was malpractice. They further allege that his failure to perform certain services and pay various expenses was a breach of his contract. Plaintiffs allege that they were given advice which did not result from defendant's exercise of his reasonable and ordinary care and diligence, and that he breached his contract with them by withholding his services and failing to pay bills. According to plaintiffs, this behavior "became evident as early as 6 October 1981." Plaintiffs allege that they were harmed by defendant on or about 15 July 1981 when he advised them to give certain inculpatory statements to Federal Bureau of Investigation officers regarding charges which had not yet been proved and for which they had not been given any assurances. Thereafter, plaintiffs allege that by the end of April 1982 it became necessary for them to hire replacement counsel to represent them.

In the case at bar, defendant's alleged wrongful conduct was readily apparent to plaintiffs as early as 6 October 1981. Certainly, by 15 July of that same year plaintiffs had been harmed by this alleged conduct. We find that the damage was readily apparent to plaintiffs as of 6 October 1981, and they were at liberty to sue at that time. Therefore, the statute of limitations began to run from that date. Consequently, they were required to bring this action by 7 October 1984. Because this action was not filed until 29 April 1985, more than three years after their accrual, these claims were barred by the statute of limitations. The trial court properly directed the verdict in defendant's favor.

We have reviewed the remaining issues raised by plaintiffs and we find that many of them were abandoned due to a lack of supporting authority and that all of them were meritless. Accordingly, for the reasons stated above, the judgment reached in the trial court is affirmed.

Affirmed.

Judge EAGLES concurs.

Judge PHILLIPS concurs in part and dissents in part.

Judge PHILLIPS concurring in part and dissenting in part.

Except as stated below, I concur in the foregoing opinion. (1) In my opinion (a) the insurance policy issued to defendant's firm covers his liability as a fiduciary and trustee because of his agreement to receive, hold and disburse money received from plaintiffs to the CPA and the additional attorney, Mr. Jennings; (b) the materials raise an issue of fact as to defendant's breach of those duties; and (c) that the policy was issued in the firm's name is no bar to defendant's liability, as the evidence indicates that Powell was a partner and under the law partners are generally liable for the firm's obligations. (2) In my opinion it does not affirmatively appear that plaintiffs' cause of action for professional negligence is barred by the statute of limitations, because under one view of the evidence defendant was still obligated to perform various services for plaintiffs and negligently failed to perform them within the three-year period before the suit was filed. That the evidence indicates that plaintiffs may have known that defendant was derelict in performing his earlier obligations did not, under the conflicting circumstances that existed, necessarily cause the action to accrue and deprive them of the right to rely upon defendant performing his later obligations.