911 F.2d 722
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIREMEN'S INSURANCE OF NEWARK, NEW JERSEY, Plaintiff-Appellant,
v.
The FREEMAN-WHITE ASSOCIATES, INCORPORATED, Defendant-Appellee.
 No. 89-1562.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1990.
Decided July 18, 1990.
Rehearing and Rehearing In Banc Denied Aug. 27, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (CA-88-255-C-C-M)
 Koy E. Dawkins, Monroe, N.C., for appellant.
 R.G. Spratt, III, Jones, Hewson & Woolard, Charlotte, N.C. (Argued), for appellee; Harry C. Hewson, Jones, Hewson & Woolard, Charlotte, N.C., on brief.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, K.K. HALL, Circuit Judge, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Firemen's Insurance of Newark, New Jersey ("Firemen's"), appeals from an order of the district court for the Western District of North Carolina, dismissing as untimely a malpractice action against Freeman-White Associates, Inc. ("Freeman-White"). For the reasons provided below, we affirm.
 
 I.
 
 2
 The facts of the case are as follows: Johnston Memorial Hospital (the "Hospital") entered into a contract with appellee, Freeman-White, requiring Freeman-White to design and provide architectural services for an addition and renovation project. In its contract, Freeman-White also agreed to certify the extent and progress of the work performed by and the proper amount to be paid to the contractors hired for the project.
 
 
 3
 The Hospital contracted with Stahl-Rider, Inc. ("Stahl-Rider") to perform mechanical construction. Stahl-Rider was required by law to provide a payment and performance bond. Firemen's agreed to act as surety to Stahl-Rider and issued the performance bond to the Hospital.
 
 
 4
 After completing a portion of the work, Stahl-Rider defaulted. Firemen's became responsible for the project on or about June 10, 1985. Firemen's discovered that Freeman-White had certified payment for work which had not been performed, and that the Hospital had thus overpaid Stahl-Rider. As a result of the overpayment, Firemen's lost the benefit of funds necessary to complete the project.
 
 
 5
 Firemen's brought a malpractice action against Freeman-White on May 31, 1988. The parties agree that the statute of limitations is three years as provided by N.C.Gen.Stat. Sec. 1-52 (1983). The disagreement in this case concerns the proper interpretation of N.C.Gen.Stat. Sec. 1-15 (1983) which states that the statute of limitations runs from accrual of an action. Under the lower court's interpretation of section 1-15, the statute of limitations was triggered on March 20, 1985, the day Freeman-White issued the last certificate upon which Stahl-Rider received payment. On appeal Firemen's argues that the statute did not begin to run until June 6, 1985, the date on which Stahl-Rider defaulted.
 
 II.
 
 6
 N.C.Gen.Stat. Sec. 1-15 provides, in pertinent part:
 
 
 7
 (a) Civil actions can only be commenced within the periods prescribed in this Chapter, after the cause of action has accrued, except where in special cases a different limitation is prescribed by statute.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 (c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action....
 
 
 11
 Firemen's argues that the statute did not begin to run until June 6, 1985, the first date on which it had a right to sue for its loss. Firemen's relies on Snipes v. Jackson, 69 N.C.App. 64, 316 S.E.2d 657, review denied, 312 N.C. 85, 321 S.E.2d 899 (1984). In Snipes, the plaintiff sued his attorney and accountant for negligent rendering of professional services. The attorney prepared tax returns indicating that the plaintiff had sold his company stock in an installment sale. The Internal Revenue Service determined that the sale did not qualify as an installment sale and assessed a deficiency. The North Carolina Court of Appeals held that the statute of limitations did not begin to run until the plaintiff was notified of the assessment.
 
 
 12
 We hold that the district court was correct in dismissing the action against Freeman-White. In reaching this decision, we follow the reasoning in Nationwide Mut. Ins. Co. v. Winslow, 95 N.C.App. 413, 382 S.E.2d 872 (1989), a case in which the court explained that Snipes only applies to cases involving tax matters.
 
 
 13
 In Winslow an insurance company sued an attorney who failed to answer a complaint in an automobile accident case. The insurance company argued that, under Snipes, its cause of action against the attorney did not accrue and the statute of limitations did not begin to run until the North Carolina Supreme Court denied discretionary review of the challenge to the default judgment in the automobile case.
 
 
 14
 The Winslow court disagreed. The court explained:
 
 
 15
 In Snipes this Court created an accrual rule for the triggering of the statute of limitations period in cases involving malpractice in tax matters. We held that the statute of limitations did not bar the plaintiff's action, because no cause of action had accrued prior to the tax assessment by a third party. We specifically emphasized that the malpractice action in that case was "not directly analogous to professional negligence suits against doctors or attorneys in general."
 
 
 16
 Id. at 874 (quoting Snipes, 69 N.C.App. at 71, 316 S.E.2d at 661). The Winslow court found that the insurance company's cause of action accrued and the statute of limitations period began to run when the attorney was discharged and another attorney took over the defense, i.e., at the time of the occurrence of the last act of the original lawyer [defendant] giving rise to the cause of action.
 
 
 17
 Because we find that the three-year statute of limitations began to run on the date of the last act of the architect giving rise to the cause of action, the district court order dismissing the complaint is
 
 
 18
 AFFIRMED.